IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-00079-F-9
No. 5:16-CV-00048-F

| | |
|---|---|
| VANESSA HOWELL MAY, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-427] Vanessa Howell May's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-405]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and May's Motion to Vacate is DENIED.

### I. Factual and Procedural Background

On April 23, 2014, May was charged in four counts of a twenty-two count indictment. *See* Indictment [DE-1]. In Count One, May was charged with conspiracy to manufacture, distribute, dispense and possess with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Three charged May with possession of equipment, chemicals, products and material with the intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. In Count Four, May was charged with possession of methamphetamine with the intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Five charged May with possession of

pseudoephedrine with the intent to manufacture a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2.

At May's arraignment, held on November 4, 2014, she pled guilty to Count One pursuant to a written plea agreement [DE-207]. It was agreed that the Government would dismiss Counts Three, Four, and Five at sentencing. *Id.* at 6.

May's sentencing hearing was held on March 11, 2015, and she was sentenced to 60 months' imprisonment. *See* Judgment [DE-263]. May did not appeal her judgment.

On January 28, 2016, May filed her *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-405]. In her § 2255 motion, May alleges that her attorney provided ineffective assistance of counsel in the following respects: (1) provided incorrect information to the court in a sentencing memorandum, (2) told her that she would be considered for probation, and (3) failed to challenge the amount of pseudoephedrine attributed to her in the Presentence Report. On May 13, 2016, the Government filed a Motion to Dismiss [DE-427], arguing that May failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the

2

speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

### A. May has failed to state a claim of ineffective assistance of counsel.

May has raised three claims of ineffective assistance of counsel in her § 2255 motion. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's

3

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of May's ineffective assistance of counsel claims.

### 1. May alleges that her attorney provided incorrect information to the court in a sentencing memorandum.

In her first claim, May alleges that her attorney provided ineffective assistance by providing incorrect information to the court in a sentencing memorandum. Mot. Vacate [DE-405] at 4; Mot. Vacate Mem. [DE-405-2] at 1-3. May contends that her attorney erred in his statement of details about her personal background. For example, May points out that while the sentencing memorandum notes she was married three times, she was only married two times. Mot. Vacate Mem. [DE-405-2] at 1.

May has failed to allege that her attorney's misstatement of some personal background facts rises to the level of deficient performance under *Strickland*. Moreover, May has failed to suggest "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This claim fails under both prongs of *Strickland*. Consequently, May's first claim will be dismissed.

### 2. May alleges that her attorney told her that she would be considered for probation.

May alleges in her second claim that her attorney provided ineffective assistance by telling her that she would be considered for probation. Mot. Vacate Mem. [DE-405-2] at 3.

At May's Rule 11 hearing, she was advised that the penalty for Count One was not less than five years of imprisonment. *See* November 4, 2014 Tr. [DE-411] at 19: 8-9. The court

4

inquired whether May understood the penalty for Count One. *Id.* at 22: 19-20. May, who was under oath, responded affirmatively. *Id.* at 22: 21. The court asked May whether she understood that her attorney's calculation of her anticipated sentence was only an estimate and that it was up to the court to determine the actual sentence. *Id.* at 23: 2-5. May responded affirmatively. *Id.* at 23: 6. May was also asked whether anyone had made any promises, other than the plea agreement, that induced her to plead guilty. 30: 25-31: 1. May responded, "No, sir." *Id.* at 31:2.

May is bound by her declarations during her Rule 11 hearing, and her current allegations to the contrary must be rejected. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."); *see also United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)).

May's second claim fails because it is belied by her sworn statements made during her Rule 11 hearing. Accordingly, May's second claim will be dismissed.

### 3. May alleges that her attorney failed to challenge the amount of pseudoephedrine attributed to her in the Presentence Report.

In her third and final claim, May alleges that her attorney provided ineffective assistance by failing to challenge the amount of pseudoephedrine attributed to her in the Presentence Report. Mot. Vacate Mem. [DE-405-3] at 1. According to May, the pseudoephedrine was "double reported." *Id.*

5

The weight of pseudoephedrine assessed to May was 87.5 grams. PSR [DE-247] ¶ 37. May was also held accountable for 300 grams of methamphetamine, which results in a combined marijuana equivalency of 1,475 kilograms. *Id.* The drug equivalency tables reflect that 1 gram of pseudoephedrine is equivalent to 10 kilograms of marijuana. U.S.S.G. § 2D1.1, Application Note 8(D). In order to reduce the drug weight attributed to May and lower her base offense level below 30[1], the combined marijuana equivalency would need to be below 1,000 kilograms. U.S.S.G. § 2D1.1(c)(5) and (6). To reduce the drug weight by that much, 47.5 grams of pseudoephedrine would have had to be successfully challenged. This is more than half of the pseudoephedrine attributed to May. Thus, May has failed to show a "reasonable probability" that the outcome of her sentencing would have been different if her attorney had objected to the pseudoephedrine attributed to her.

May has failed to state a claim for ineffective assistance of counsel under *Strickland*.[2] Consequently, May's third claim will be dismissed.

---

[1] A defendant has a base offense level of 30 if the defendant is accountable for at least 1,000 kilograms but less than 3,000 kilograms of marijuana. U.S.S.G. § 2D1.1(c)(5); *see* PSR [DE-247] ¶ 65.

[2] The court is aware that the Government often threatens to withdraw § 5K1.1 motions if the defendant pursues objections to the Presentence Report. *See Outlaw v. United States*, 5:10CR115-F-1, 5:11CV745-F, 2015 WL 902099, at *3 (E.D.N.C. March 3, 2015) (the Government advised defense counsel that if they objected to the drug weight at sentencing, the motion for downward departure based on substantial assistance would likely be withdrawn). If May's attorney had objected to the pseudoephedrine attributed to her at sentencing, the Government's motion for downward departure based on substantial assistance pursuant to U.S.S.G. § 5K1.1 would likely have been withdrawn. Thus, it is possible that counsel's failure to object was a tactical decision that resulted in a sentence well below her advisory guideline range, which was 87-108 months, *see* March 11, 2015 Tr. [DE-421] at 4:3-4.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-427] is ALLOWED and May's Motion to Vacate [DE-405] is DENIED. The court concludes that May has not made the requisite showing to support a certificate of appealability.[3] Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 2nd day of June, 2016.

*James C. Fox*
James C. Fox
Senior United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

7