IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-00079-F-9
No. 5:16-CV-00891-F

| | | |
|---|---|---|
| VANESSA HOWELL MAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Vanessa Howell May has filed a motion for relief pursuant to 28 U.S.C. § 2255 [DE-465]. For the reasons set forth below, the court will summarily dismiss May's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2014, May was charged in four counts of a twenty-two count indictment. *See* Indictment [DE-1]. In Count One, May was charged with conspiracy to manufacture, distribute, dispense and possess with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See id.* Count Three charged May with possession of equipment, chemicals, products and material with the intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. *See id.* In Count Four, May was charged with possession of methamphetamine with the intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See id.* Count Five charged May with possession of pseudoephedrine with the intent to manufacture a controlled

substance and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. *See id.*

At May's arraignment, held on November 4, 2014, she pled guilty to Count One pursuant to a written plea agreement [DE-207]. It was agreed that the Government would dismiss Counts Three, Four, and Five at sentencing. *Id.* at 6.

May's sentencing was held on March 11, 2015. May was sentenced to 60 months' imprisonment, five years of supervised release, and ordered to pay $6,729.00 in restitution. *See* Judgment [DE-263]. May did not file a direct appeal.

On January 28, 2016, May filed her first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-405]. This court denied the motion on the merits. On November 7, 2016, May filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-465].

## II. LEGAL STANDARD

Rule 4 of the Rules Governing Section 2255 Proceedings ("2255 Rules") requires both a preliminary review of a § 2255 motion and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 2255 Rules, Rule 4(b); *accord* 28 U.S.C. § 2255(b); *see Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (stating "[w]here the files and records *conclusively* show that the prisoner is entitled to no relief, summary dismissal is appropriate") (emphasis in original). Because Petitioner is proceeding *pro se*, the court must construe her motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

As noted, May previously filed a § 2255 motion that was denied on the merits. *See* June

2

2, 2016 Order [DE-437]. Thus, May's instant § 2255 motion is a second or successive § 2255 motion. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this case, May must first obtain an order from the Fourth Circuit Court of Appeals before this court will consider any successive petition under 28 U.S.C. § 2255. May has provided no evidence that she has secured the necessary authorization from the Fourth Circuit. Consequently, this court is without jurisdiction to consider May's motion.

## IV. CONCLUSION

For the foregoing reasons, May's Motion to Vacate [DE-465] is SUMMARILY DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct).

SO ORDERED.

This the _10_ day of November, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District